# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCINE SMITH, | ) |
| Plaintiff, | ) |
| | ) 2:15-cv-528 |
| v. | ) |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is a MOTION TO REMAND (ECF No. 8) filed by Plaintiff Francine Smith, with a brief in support (ECF No. 10). Defendant Progressive Speciality Insurance Company ("Progressive") has filed a brief in opposition (ECF No. 11). The motion is ripe for disposition.

Plaintiff commenced this action on March 23, 2015 by filing a Complaint against her automobile insurance carrier, Progressive, in the Court of Common Pleas of Allegheny County, Pennsylvania, alleging state law claims for breach of contract and bad faith relative to an underinsured motorist claim. On April 22, 2015, Progressive timely removed the action to the United States District Court for the Western District of Pennsylvania, invoking this Court's diversity-of-citizenship jurisdiction. The instant motion followed.

The insurance policy drafted by Progressive and issued to Plaintiff contains the following forum selection clause: "LEGAL ACTION AGAINST US . . . Any action brought against us pursuant to coverage under Part III – Uninsured/Underinsured Motorist Coverage must be brought in the county in which the person seeking benefits resides, **or in the United States District Court serving that county.**" (ECF No. 1-3 at 49) (emphasis added). Plaintiff now

claims that, under the forum selection clause, Progressive has waived its right to remove this action. The Court cannot agree.

In *Foster v. Chesapeake Insurance Company*, the United States Court of Appeals deemed the following language to constitute a waiver of the defendant's right to remove:

> In the event the [defendant] is not domiciled in the United States of America, and the [defendant] fails to pay any amount claimed to be due hereunder, the [defendant], at the request of the [plaintiff], will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction; and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

933 F.2d 1207, 1216 (3d Cir. 1991). The court of appeals reasoned that "by consenting to '*submit*' to '*any court*' of competent jurisdiction '*at the request of the Company*,' and to comply with all requirements necessary to give '*such court* ' jurisdiction, [the defendant] agreed to go to, and stay in, the forum chosen by [the plaintiff]." *Id.* at 1216-17 (emphasis in original). Following this decision, federal district courts in the Third Circuit have considered and rejected the argument presented by Plaintiff. *See Munich Welding, Inc. v. Great Am. Ins. Co.*, 415 F. Supp. 2d 571, 574 (W.D. Pa. 2006); *see also Craker v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 11-0225, 2011 WL 1671634, at *1 (W.D. Pa. May 3, 2011).

Here, as in those cases, the policy does not state that Progressive contracted to "submit" to the jurisdiction chosen by Plaintiff. It also does not indicate that Progressive consented to litigate this matter in "any court" at the request of Plaintiff. And it does not include any agreement for Progressive to comply with certain requirements necessary to give a particular court jurisdiction. Rather, it provides that a suit may be brought in the county in which the person seeking benefits resides (*i.e.*, Allegheny County) **or** in the United States District Court serving that county (*i.e.*, the Western District of Pennsylvania). Progressive meets the

2

jurisdictional requirements to invoke this Court's diversity jurisdiction, and therefore, the Court has no basis to remand this action in the absence of a valid contractual waiver. Accordingly, the motion to remand is **DENIED**.

**SO ORDERED**, this 29th day of May, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Anthony J. Erlain**
Email: cealaw@gmail.com

**Daniel J. Twilla**
Email: dtwilla@d3bk.com
**Jeffrey A. Ramaley**
Email: ramaley@zklaw.com