## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCINE SMITH, | ) |
| | ) |
| Plaintiff, | ) 2:15-cv-528 |
| | ) |
| v. | ) |
| | ) |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is a MOTION TO COMPEL AND/OR EXTEND THE DISCOVERY DEADLINE (ECF No. 19) filed by Plaintiff Francine Smith with a brief in support (ECF No. 21). Defendant Progressive Specialty Insurance Company filed a brief in opposition (ECF No. 22). For the reasons that follow, the motion is **GRANTED IN PART**.

Plaintiff commenced this action on March 23, 2015 by filing a Complaint against her automobile insurance carrier, Progressive, in the Court of Common Pleas of Allegheny County, Pennsylvania, alleging state law claims for breach of contract and bad faith relative to an underinsured motorist ("UIM") claim. Progressive timely removed the action to this Court. The Court thereafter entered a Case Management/Scheduling Order that required the completion of all fact discovery on or before November 6, 2015.

As part of the discovery process, Plaintiff served Defendant with her First Set of Interrogatories and Request for Production of Documents in which she sought copies of the entire claims file(s), including "any and all notes that were hand written or computer generated, and notes of any meetings concerning Plaintiff's claims . . . ." In response, Defendant stated that it "w[ould] produce the non-privileged portions of the confidential UIM claims notes (SMITH

1000-1054 AND SMITH 2000-2006) upon receipt of a reasonable Confidentiality Agreement," which Plaintiff ultimately executed.

Following that exchange, Defendant provided Plaintiff with "the non-privileged portions of the confidential UIM claim notes" along with a Privilege Log. The Privilege Log generically describes the (redacted) document(s) as "[m]ental impressions, opinion, and conclusions regarding value and merits of claim, strategy and tactics, reserve information" and asserts privileges which it identifies as some variation of "[n]on-relevant, confidential and proprietary work product" or based upon the "[a]ttorney-client privilege." According to Plaintiff, Defendant's response suggests that it redacted signification of the claim file pertaining to reserves as well as the insurance adjusters' impressions, conclusions, and opinions,

Plaintiff has filed a motion to compel in which she argues that the redactions related to Defendant's valuations of her UIM claim and reserves are "relevant to [her] bad faith claim, as it has been alleged that [Progressive] failed to properly investigate and evaluate her case in accordance with the duty of good faith and fair dealing." From her perspective, the "unredacted and complete claim file" is thus "essential to the preparation of Plaintiff's case," including the depositions of those persons who allegedly investigated and evaluated her UIM claim – *i.e.*, Chad Walker, Christina Romanelli, and/or Jane Kennedy. Accordingly, Plaintiff requests that the Court enter an order directing Defendant to (1) produce any reserve information it had redacted in the claims file; (2) produce all entries it has redacted in the UIM claim notes based upon the "work product doctrine" for an *in camera* review and determination of whether those documents were prepared in anticipation of litigation; and (3) produce any portion of the claim file redacted pursuant to the so-called "confidential and proprietary" privilege in light of the parties' execution of the Confidentiality Agreement.

Defendant opposes this motion on several grounds – some of which smack of gamesmanship.[1] Be that as it may, its argument boils down to the position that its UIM claim notes and reserve information are protected from discovery as opinion work product. Alternatively, Defendant urges the Court to conduct an *in camera* review of the allegedly privileged documents in question before ordering the production of same.

A. Reserve Information

"There is competing treatment of whether reserve information is discoverable in a bad faith lawsuit." *Shaffer v. State Farm Mut. Auto. Ins. Co.*, No. 1:13-CV-01837, 2014 WL 931101, at *3 (M.D. Pa. Mar. 10, 2014). As the United Stated States District Court for the Middle District of Pennsylvania recently explained:

> Some courts have determined that information related to reserve values is not discoverable. *See, e .g., Kaufman v. Nationwide Mut. Ins. Co.*, Civ. No. 97–cv–1114, 1997 WL 703175, *1 (E.D. Pa. 1997) ("[P]rocedure for setting reserves . . . is confidential information which a court should not order to be disclosed unless the relevance of the information is clear and disclosure is necessary."). Other courts, however, have found that "reserves, of course, must have some relationship to the insurer's estimation of the insured's potential liability. Otherwise, the setting aside of reserves would serve little, if any purpose." *North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995). **Thus, the amount set aside for reserves "is certainly germane to any analysis [the defendant-insurer] made of" the claim's value and is relevant to the determination of whether the defendant-insurer acted in bad faith in processing the claim.** *Id.*

*Keefer v. Erie Ins. Exch.*, No. 1:13-CV-1938, 2014 WL 901123, at *3 (M.D. Pa. Mar. 7, 2014) (emphasis added). Applying that standard, the court "agree[d] with Plaintiff that the amount of reserve, if any, assigned to Plaintiff's UIM claim should be produced." *Id.*

---

1. For instance, Defendant states that "[a]s Plaintiff has executed a Confidentiality Agreement, Progressive will no longer argue that it is entitled to protection of the reserve information on the basis that it is confidential and proprietary. However, Progressive remains entitled to protect the reserves from discovery because the reserves constitute opinion work product." This sort of hide-the-ball approach does little to advance this litigation.

The Court finds that decision instructive. Accordingly, on or before November 12, 2015 Defendant shall produce to Plaintiff any reserve information it had previously redacted in the claim file.

### B. The UIM Claims File

"The defendant's claims file is discoverable in a bad-faith case like this one, as information in that file on defendant's decision to deny the claim is relevant or could lead to potentially relevant information." *Consugar v. Nationwide Ins. Co. of Am.*, No. 3:10CV2084, 2011 WL 2360208, at *2 (M.D. Pa. June 9, 2011) (collecting cases). At the same time, "[c]ourts have found that institution of a bad faith claim does not automatically waive attorney-client privilege or the work product doctrine." *Berry v. Ohio Cas. Ins. Co.*, No. CIV.A. 3:14-1262, 2015 WL 4066683, at *3 (M.D. Pa. July 2, 2015) (citing *McCrink v. Peoples Benefit Life Ins. Co.*, No. CIV.A.2:04CV01068LDD, 2004 WL 2743420, at *3 (E.D. Pa. 2004). And where, as here, a party has lingering concerns that information is being wrongfully withheld on attorney-client or work product privilege grounds, s/he may of course challenge those assertions through an appropriate motion with the court. *See Consugar*, 2011 WL 2360208, at *3 (citing *Fid. & Deposit Co. of Maryland v. McCulloch*, 168 F.R.D. 516, 524 (E.D. Pa. 1996); *Provident Life & Acc. Ins. Co. v. Nissenbaum*, No. Civ. A. 97–5666, 1998 WL 800323, * 1 (E.D. Pa. November 17, 1998)).

Plaintiff has done so in this case. Without an *in camera* review, however, the Court cannot decide whether particular documents in the claim file are subject to Defendant's blanket assertions of privilege. Accordingly, on or before on or before November 12, 2015, Defendant shall produce to the Court all entries it has previously redacted in the UIM claim notes (*i.e.*, SMITH 1000-1054 AND SMITH 2000-2006) based upon the work product doctrine. If,

4

however, Defendant voluntarily produces that information to Plaintiff before the deadline imposed, it shall notify the Court forthwith.

### C. Confidential / Proprietary Information

As to any portion of the claim file Defendant redacted pursuant to its so-called "confidential and proprietary" privilege, disclosure of that information appears adequately protected by the parties' confidentiality agreement. If Defendant maintains a different view, it may file a (joint) motion for a protective order. Accordingly, on or before November 12, 2015 Defendant shall produce to Plaintiff any information it had previously redacted pursuant to this designation.

### D. Post-Discovery Status Conference

The Post-Discovery Status Conference scheduled on Friday, November 6, 2015 is hereby **CANCELLED**, which the Court will reschedule at its convenience after it conducts an *in camera* review of the material at issue. In the meantime, the parties should endeavor to reach an amicable resolution of this dispute.

**SO ORDERED**, this 4th day of November, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc:  **Anthony J. Erlain**
Email: cealaw@gmail.com

**Daniel J. Twilla**
Email: dtwilla@d3bk.com
**Jeffrey A. Ramaley**
Email: ramaley@zklaw.com