IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCINE SMITH,<br><br>           Plaintiff,<br><br>           v.<br><br>PROGRESSIVE SPECIALTY INSURANCE COMPANY,<br><br>           Defendant. | )<br>)<br>)<br>)  2:15-cv-528<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending before the Court is a MOTION FOR RECONSIDERATION (ECF No. 27) filed by Defendant, Progressive Specialty Insurance Company, with a brief in support (ECF No. 27). Plaintiff, Francine Smith, has filed a brief in opposition (ECF No. 29). The motion is ripe for disposition.

Defendant requests that the Court reconsider its November 4, 2015, Order compelling the production of reserve information. According to Defendant, such "information constitutes opinion work product which is entitled to near absolute protection from discovery while Plaintiff's claim for underinsured motorist ("UIM") benefits is still pending and being litigated." (ECF No. 27 at 1).

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). They are not, however, intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision. Accordingly, a court should exercise its discretion to alter or amend its judgment only if the movant demonstrates (1) a

change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.*

Defendant has not established any of those three things. Instead, it argues that the cases of *PECO Energy Co. v. Insurance Co. of N.A.*, 852 A.2d 1230 (Pa. Super. Ct. 2004) and *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 139 F.R.D. 609, 614 (E.D. Pa. 1991) "are more instructive on the work product issue" than the cases upon which the Court relied in its prior Order. ECF No. 27 at 3. Disagreement with the Court's decision is not, however, grounds for granting a motion for reconsideration. Defendant cited both of these cases in its brief in opposition to Plaintiff's motion to compel. The Court was unpersuaded by them then and remains unpersuaded by them now because, unlike this case, neither *PECO Energy* nor *Rhone-Poulenc* involved a bad faith claim. Accordingly, Defendant's MOTION FOR RECONSIDERATION (ECF No. 27) is hereby **DENIED**.

**SO ORDERED**, this 15th day of December, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Anthony J. Erlain**
Email: cealaw@gmail.com

**Daniel J. Twilla**
Email: dtwilla@d3bk.com
**Jeffrey A. Ramaley**
Email: ramaley@zklaw.com
**Robert E. Dapper , Jr.**
Email: rdapper@d3bk.com

(via CM/ECF)