IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCINE SMITH, ) | |
| ) | |
| Plaintiff, ) | 2:15-cv-528 |
| ) | |
| v. ) | |
| ) | |
| PROGRESSIVE SPECIALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

On November 4, 2015, the Court ordered Defendant to produce for *in camera* review all entries it had redacted in the UIM claim notes based upon the work product doctrine. Defendant complied with the Court's order on November 12, 2015, by submitting: (1) a privilege log (for SMITH 0001-0758) and a Supplemental Privilege Log (for SMITH 1000-1054; 2000-2006); (2) the "confidential" UIM claim notes as produced; (3) an un-redaction version of the UIM claim notes; (3) three versions of the UIM claim notes highlighting portions that were redacted; (4) documents from Defendant's claim file other the claim notes that have been withheld from production; and (5) Defendant's 2015 Claims Operating Procedures.

"The defendant's claims file is discoverable in a bad-faith case like this one, as information in that file on defendant's decision to deny the claim is relevant or could lead to potentially relevant information." *Consugar v. Nationwide Ins. Co. of Am.*, No. 3:10CV2084, 2011 WL 2360208, at *2 (M.D. Pa. June 9, 2011) (collecting cases). At the same time, "[c]ourts have found that institution of a bad faith claim does not automatically waive attorney-client privilege or the work product doctrine." *Berry v. Ohio Cas. Ins. Co.*, No. CIV.A. 3:14-1262, 2015 WL 4066683, at *3 (M.D. Pa. July 2, 2015) (citing *McCrink v. Peoples Benefit Life Ins.*

*Co.*, No. CIV.A.2:04CV01068LDD, 2004 WL 2743420, at *3 (E.D. Pa. 2004)).

Under Fed. R. Civ. P. 26(b)(3)(A), "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." So-called ordinary work product may, however, be discoverable if the material is relevant and the party seeking discovery has a "substantial need" for it and cannot otherwise obtain it "without undue hardship[.]" Fed. R. Civ. P. 26(3)(A)(i)-(ii). Even if the court orders discovery of ordinary work product, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(3)(B).

However, not everything "prepared by or for the agents of an insurer" is protected by the work product doctrine. *Keefer v. Erie Ins. Exch.*, No. 1:13-CV-1938, 2014 WL 901123, at *5 (M.D. Pa. Mar. 7, 2014). The doctrine only protects "'documents prepared by it in anticipation of litigation[;]'" it was "'not intended to protect all insurance claim files from discovery.'" *Id.* (quoting *Mattison v. Imbesi*, Civ. No. 97-cv-2736, 1998 WL 720061, *2 (E.D. Pa. Oct. 6, 1998)). Indeed, "'[a]n insurance company cannot reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation when it has a duty to investigate, evaluate[,] and make a decision with respect to claims made on it by its insureds.'" *Id.* (quoting *Mattisoni*, 1998 WL 720061, *2). This being so, "most courts have held that documents constituting any part of a factual inquiry into or evaluation of a claim, undertaken in order to arrive at a claim decision, are produced in the ordinary course of an insurer's business and, therefore, are not work product." *Cutrale Citrus Juices USA, Inc. v. Zurich Am. Ins. Grp.*, No. 5:03-CV-420-OC-10GRJ, 2004 WL 5215191, at *2 (M.D. Fla. Sept. 10, 2004) (citations omitted). "[U]nless and until an insurance

company can demonstrate that it reasonably considered a claim to be more likely than not headed for litigation, the natural inference is that the documents in its claims file that predate this realization were prepared in the ordinary course of business, *i.e.*, the business of providing insurance coverage to insureds." *S.D. Warren Co. v. E. Elec. Corp.*, 201 F.R.D. 280, 285 (D. Me. 2001). "'This approach realistically recognizes that at some point an insurance company shifts its activity from the ordinary course of business to anticipation of litigation, and no hard and fast rule governs when this change occurs.'" *Id.* (quoting *State Farm Fire & Cas. Co. v. Perrigan*, 102 F.R.D. 235, 238 (W.D.Va.1984).

In order determine whether the work-produce privilege applies, then, the court must first assess when Defendant reasonably anticipated litigation, such that it shifted its activities from investigating its claim to preparing a defense for litigation. "This analysis includes both a subjective and an objective component. While the court must initially focus on the state of mind of the party preparing, or ordering preparation, of the document, that person's anticipation of litigation must be objectively reasonable for the work product protection to apply." *Borgia v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 14-3149, 2014 WL 4375643, at *3 (E.D. Pa. Sept. 3, 2014) (citing *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir. 1993)). As the Court of Appeals has explained,

> Prudent parties anticipate litigation and begin preparation prior to the time suit is formally commenced. Thus, the test should be whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

*Martin*, 983 F.2d at 1260 (quoting *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir. 1979)). Thus, the party asserting the work product privilege must demonstrate that "'there existed an identifiable specific claim or impending litigation when the materials were prepared.'" *Borgia*, 2014 WL 4375643, at *3 (quoting *Montgomery Cnty. v. Microvote Corp.*, 175 F.3d 296,

3

305 (3d Cir. 1999) (Greenberg, J., concurring)).

Defendant argues that "there can be no dispute that Plaintiff's UIM claim has been an 'identifiable specific claim' from the day it was opened at the request of Plaintiff's counsel" since "Plaintiff's UIM claim is 'like a third-party claim in the practical sense of the presentation of issues and positions,' and 'inherently arms length and adversarial.'" *Id.* (quoting *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1144 (Pa. Super. Ct. 2006)). And because, in Defendant's view, "[t]here is no question that an insurer's opinion work product pertaining to a third-party claim is protected, regardless of when suit is filed . . . . [t]he same result should apply here." *Id.*

The Court disagrees. Just because a UIM claim is inherently adversarial does not mean that litigation is anticipated as soon as such a claim is asserted by an insured. *See Borgia*, 2014 WL 4375643, at *4 ("reject[ing] State Farm's assertion that it reasonably anticipated litigation with Plaintiffs at the inception of the underinsured motorist claim . . ."). As in *Borgia*, Defendant "has not pointed to anything in the record suggesting it actually anticipated litigation" whenever it was put on notice of the potential UIM claim in January 2014.[1] *Id.* Although Plaintiff was represented by counsel at that time, that fact, "without more, says nothing about the likelihood the claim would end up in litigation." *Id.*; *see also Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Cos.*, 123 F.R.D. 198, 204 n.5 (M.D.N.C. 1988) ("Litigation cannot be said to be reasonably anticipated by the insurer merely because the insured is represented by an attorney."). Nor does the fact that Plaintiff's counsel sent a demand letter to Defendant in May 2014. *See Borgia*, 2014 WL 4375643, at *4. At that point, the claims notes reveal that Defendant was still in the process of evaluating the claim.

---

1. In fact, some of the redacted entries predate January 16, 2014 – the date on which Defendant was notified of the potential UIM claim by Plaintiff's counsel – but Defendant has nevertheless sought to withhold this information. These entries do, however, relate to Plaintiff's other claims and, as such, their relevance is questionable. Be that as it may, the Court will not allow Defendant to redact them on that basis.

4

The Court instead finds that Defendant could not be said to have reasonably anticipated litigation – *i.e.*, to have shifted gears from adjusting the claim to preparing to litigate – until January 27, 2015, at the absolute earliest. It was not until then that Defendant's position and Plaintiff's position as to the extent of Plaintiff's damages and lost wages appear to have really come to loggerheads. It was also not until this time that the claims representative contacted outside counsel for assistance in handling the claim. As a result, documents prepared before this date fall outside of the scope of the work product doctrine. The Court will order Defendant to produce all claims notes entries that predate January 27, 2015, to Plaintiff in un-redacted form **on or before December 29, 2015**.

Defendant has also raised the attorney-client privilege with respect to certain portions of the claims file that it redacted. The Court agrees that the material on SMITH 1047 was properly redacted on this basis. The same goes for the material on the next two pages (SMITH 1048-SMITH 1049), the material on SMITH 1051, the material on SMITH 1052, and the material on SMITH 1053 (though this also appears to be protected work product). The document at SMITH 0134 was also properly withheld, as it is covered by the attorney-client privilege. The material on SMITH 1050 that Defendant has redacted on the basis of the attorney-client privilege does not appear to actually contain a "communication," but it does appear to be work product, so the Court finds that it was properly redacted, as well.

**SO ORDERED**, this 15th day of December, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Anthony J. Erlain**
Email: cealaw@gmail.com

**Daniel J. Twilla**

Email: dtwilla@d3bk.com
**Jeffrey A. Ramaley**
Email: ramaley@zklaw.com
**Robert E. Dapper , Jr.**
Email: rdapper@d3bk.com

(via CM/ECF)