## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANCINE SMITH,

        Plaintiff,

        v.

PROGRESSIVE SPECIALTY INSURANCE
COMPANY,

        Defendant.

)
)
)
)
) 2:15-cv-528
)
)
)
)
)
)
)
)

### MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 36) filed by Defendant Progressive Specialty Insurance Company ("Progressive"), with a brief in support (ECF No. 38). Plaintiff has filed a response (ECF No. 40) and brief in opposition (ECF No. 41); Progressive has filed a reply (ECF No. 43). The factual record has been developed via Progressive's Concise Statements of Material Facts and accompanying exhibits (ECF No. 37).[1] Accordingly, the motion is ripe for disposition.

### I. Background

The following background is taken from the Court's independent review of the partial motion for summary judgment, the filings in support and opposition thereto, and the record as a whole.

On February 23, 2012, Plaintiff was a pedestrian walking in the parking lot of a Shop-N-Save when she was struck by a motor vehicle operated by an underinsured motorist, John Cameron. Plaintiff sustained serious injuries as a result. At this time, Plaintiff maintained two

---

1. Plaintiff did not file a responsive concise statement as required by the Local Rule of Court. *See* LCvR 56.C.1 ("[T]he opposing party shall file . . . [a] separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts . . . ."). Be that as it may, the Court notes that the relevant fact(s) – *i.e.*, that Plaintiff applied for and received Social Security Disability benefits due to injuries she sustained in the accident – are not in dispute.

automotive insurance policies issued by Progressive, which included stacked underinsured motorist ("UIM") coverage.

After the accident, Plaintiff claimed that she was unable to return to work and applied for Social Security Disability benefits. The Social Security Administration deemed Plaintiff totally disabled from employment and awarded her benefits which total $1,174.00 per month. Plaintiff also reached a settlement with Cameron's insurance carrier following the accident for $100,000 – the policy limits – to which Progressive waived its right to subrogation and consented to settlement.

Plaintiff thereafter asserted a UIM claim against her Progressive automotive insurance policies for damages, including for lost wages due to her permanent disability. This suit followed.

Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania on March 23, 2015, asserting a breach of contract and a bad faith claim against Progressive. Progressive removed the action to this Court on April 22, 2015. Progressive has since moved for partial summary judgment, to which the Court now turns.

## II. Standard of Review

Summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To withstand summary judgment, the non-movant must show a genuine dispute of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v*, 477 U.S. at 247-48. Rather, a dispute is "genuine" only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

### III. Discussion

Progressive contends that, under Pennsylvania law, "Plaintiff is precluded from recovering UIM benefits for lost wages in the amount of the Social Security disability benefits she now receives" (in other words, Progressive seeks an offset). In response, Plaintiff argues that Social Security disability benefits are a collateral source which cannot reduce the UIM benefits that are otherwise payable and characterizes Progressive's position as an unwarranted extension of current Pennsylvania law. For the reasons that follow, the Court will deny Progressive's partial motion for summary judgment.

"The Pennsylvania General Assembly enacted the Motor Vehicle Financial Responsibility Law ('MVFRL'), 75 Pa.C.S. §§ 1701-99, 'in large part' to check the rapidly rising cost of automobile insurance." *Rupert v. Liberty Mut. Ins. Co.*, 291 F.3d 243, 246 (3d Cir. 2002). The underlying aim of the statute is, however, "'to provide broad coverage to assure the financial integrity of the policyholder.'" *Id.* (quoting *Danko v. Erie Ins. Exch.*, 630 A.2d 1219, 1222 (Pa. Super. Ct. 1993)). As such, "Pennsylvania courts have held that 'the MVFRL is to be

construed liberally to afford the greatest possible coverage to injured claimants.'" *Id.* (quoting

*Sturkie v. Erie Ins. Group*, 595 A.2d 152, 157-58 (Pa. Super. Ct. 1991)).  At the same time,

courts are to refrain "from rewriting the MVFRL under the pretext of pursuing its spirit." *Id.*

(citations omitted).

The MVFRL includes an offset provision that precludes double collection of benefits in

certain instances.  *See* 75 Pa. Cons. Stat. § 1722; *Smith v. Rohrbaugh*, 54 A.3d 892, 895 (Pa.

Super. Ct. 2012).  Section 1722 of the MVFRL – entitled "Preclusion of recovering required

benefits" – provides as follows:

> In any action for damages against a tortfeasor, or in any uninsured or
> underinsured motorist proceeding, arising out of the maintenance or use of a
> motor vehicle, a person who is eligible to receive benefits under the coverages set
> forth in this subchapter, or workers' compensation, or any program, group
> contract or other arrangement for payment of benefits as defined in section 1719
> (relating to coordination of benefits) shall be precluded from recovering the
> amount of benefits paid or payable under this subchapter, or workers'
> compensation, or any program, group contract or other arrangement for payment
> of benefits as defined in section 1719.[2]

*Id.* (emphasis added).  In Progressive's view, the statutory language – "any program, group

contract or other arrangement for payment of benefits" – embraces Social Security disability

---

2.  "The 'subchapter' referred to in Section 1722 is Subchapter B, regarding first-party benefits." *Smith v. Rohrbaugh*, 54 A.3d 892, 895 (Pa. Super. Ct. 2012).  As for the cross-reference to section 1719, it provides as follows:

> **(a) General rule.**--Except for workers' compensation, a policy of insurance issued or delivered pursuant to this subchapter shall be primary.  Any program, group contract or other arrangement for payment of benefits such as described in section 1711 (relating to required benefits) 1712(1) and (2) (relating to availability of benefits) or 1715 (relating to availability of adequate limits) shall be construed to contain a provision that all benefits provided therein shall be in excess of and not in duplication of any valid and collectible first party benefits provided in section 1711, 1712 or 1715 or workers' compensation.

> **(b) Definition.**--As used in this section the term "**program, group contract or other arrangement**" includes, but is not limited to, benefits payable by a hospital plan corporation or a professional health service corporation subject to 40 Pa.C.S. Ch. 61 (relating to hospital plan corporations) or 63 (relating to professional health services plan corporations).

75 Pa. Cons. Stat. § 1719 (emphasis in original).

benefits, and therefore, requires that any award to Plaintiff for lost wages be reduced by an amount corresponding to same. The Court does not agree.

In *Tannenbaum v. Nationwide Ins. Co.*, the Supreme Court of Pennsylvania interpreted the scope of the MVFRL's offset provision, addressing "whether Appellee's group plan and personal disability policies are group/program/arrangement vehicles for payment of benefits within the meaning of Section 1722." 992 A.2d 859, 861 (Pa. 2010). There, Appellee "sought to recover income-loss benefits under the [UIM] provisions of a vehicle policy issued by Appellant, Nationwide Insurance Company ('Nationwide'). Nationwide countered that it was entitled to offset the benefits Appellee received under his group plan and personal disability policies." *Id.*

The *Tannenbaum* Court ultimately held "that the relevant disability benefits received by Appellee fall within the group/program/arrangement classification for purposes of Section 1722." *Id.* at 866. The Court first rejected Appellee's position that the General Assembly "contemplated that Section 1772's reach would be limited to health insurance benefits." *Id.* at 865. Next, the Court focused on the relevant express language of the governing statute: "'[I]n any [UM/UIM] proceeding, . . . a person who is eligible to receive benefits under . . . *any* program, group contract or other arrangement for payment of benefits . . . shall be precluded from recovering the amount of [such] benefits[.]'" *Id.* (quoting 75 Pa. Cons. Stat. § 1722) (alterations and emphasis in original)). In doing so, the Court explained, "[o]nce it is accepted that the relevant income-loss benefits received by Appellee fall within the group/program/arrangement classification, it becomes apparent that they are subject to the specified statutory offset." *Id.* Thus, this Court must decide whether Plaintiff's Social Security disability benefits qualify as a group/program/arrangement under Section 1772.

The Superior Court of Pennsylvania addressed this question in *Browne v. Nationwide Mut. Ins. Co.*, 674 A.2d 1127 (Pa. Super. Ct. 1996). There, the Court stated as follows:

> Because Social Security disability benefits were never subject to subrogation they do not fall within the purview of Sections 1720 and 1722. Historically they have not been viewed as an item for which a traditional tort award would be reduced. Had the legislature wished to include Social Security disability payments within the preclusions of § 1722 it could have specifically named these payments, as was done with workers' compensation benefits. Section 1722 was obviously designed to refer to only those benefits which are specifically recoverable as first party benefits under the MVFRL, 75 Pa.C.S.A. § 1701 *et seq.*, or which had historically been subject to subrogation. Social Security disability payments do not fit within either category.

*Id.* at 1129. *Tannenbaum* did not expressly disavow this rationale. *See* 992 A.2d at 862. Rather, it disapproved of *Browne* based upon the "paid-for litmus" the Superior Court referenced in holding that where benefits were paid for / earned by an insured through his employment, there should be no offset. *See id.* at 868-69; *see also id.* at 862 (noting that *Browne* referenced *Panichelli*'s contribution-based reasoning but advanced a primary rationale resting on the recognition that such benefits were not subject to subrogation in the first instance).

As such, the Court cannot agree with Progressive's novel theory that, under *Tannenbaum*, any award to Plaintiff for lost wages must be reduced to the extent that she receives Social Security disability benefits. Accordingly, the Court will deny Progressive's partial motion for summary judgment.

## IV. Conclusion

For the reasons hereinabove stated, the Court will deny the partial motion for summary judgment. An appropriate Order follows.

McVerry, S.J.

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FRANCINE SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | **2:15-cv-528** |
| ) | |
| **v.** ) | |
| ) | |
| **PROGRESSIVE SPECIALTY INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER OF COURT**

AND NOW, this 17th day of February, 2016, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the

MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 36) filed by Defendant

Progressive Speciality Insurance Company is **DENIED**. **IT IS FURTHER ORDERED** that a

Post-Discovery Status Conference / Pretrial Conference in this matter is hereby scheduled on

Wednesday, March 2, 2016 at 1:30 p.m.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc:     All Counsel of Record